BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

RITA LIN (CABN 236220)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-6511
    Facsimile: (415) 436-7234
    E-mail: rita.lin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 4-17-70338 MAG |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| DAVID LAGUE, | |
| Defendant. | |

With the agreement of defendant David Lague, the Court enters the following Protective Order:

The defendant is charged with Dispensing and Distributing Oxycodone Without a Legitimate Medical Purpose in violation of 21 U.S.C. § 841(a)(1), among other things. The United States anticipates producing sensitive discovery including patient medical records, recordings involving a confidential source, and records concerning areas of ongoing investigation involving uncharged persons (collectively referred to as the "Protected Information"). The United States believes that if the Protected Information is disclosed to the general public, patient medical privacy and the safety of the confidential source may be jeopardized. In addition, the ongoing investigation may be compromised, resulting in flight or destruction of evidence. Thwe rights of uncharged individuals mentioned in the Protected

1 Information may also be prejudiced by public disclosure.  For these reasons, the parties agree that the
2 Court should order that the Protected Information be made available to attorneys for the defendant
3 subject to a protective order limiting the dissemination of this information.

4       To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

5 **IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants,
6 employees, and independent contractors (collectively, "the defense team") may review with the
7 defendant all discovery material produced by the government, but shall not provide a defendant with
8 copies of, or permit defendant to make copies of, or have unsupervised access to, the Protected
9 Information.  The government and defense counsel are ordered to work together to ensure that these
10 materials are protected, but that defendant has as much access to the materials as can be provided
11 consistent with this Court's order.

12       Defense counsel may also provide copies of Protected Information to any experts retained to
13 assist with the preparation of the defense in the captioned case.  The defendant, all members of the
14 defense team, and any experts who receive Protected Information under this Order shall be provided a
15 copy of this Order along with those materials and shall initial and date the Order reflecting their
16 agreement to be bound by it.  This Order shall also apply to any copies made of any materials covered
17 by this Order.

18 **IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team
19 shall provide any discovery material produced by the government—whether or not the material
20 constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*,
21 any person who is not a member of the defense team or a witness in the case) or make any public
22 disclosure of the same, other than in a court filing, without the government's express written permission
23 or further order of this Court.  If a party files a pleading that references or contains or attaches Protected
24 Information subject to this Order, that filing must be under seal.[1]

25 **IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this
26 Protective Order (including any copies) to the United States within 14 days after whichever event occurs

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

[PROPOSED] PROTECTIVE ORDER
CASE NO. 4-17-70338 MAG

last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.  Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

DATED:  March 20, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
RITA F. LIN
Assistant United States Attorney

_____/s/_____
JAMES T. REILLY
Counsel for DAVID LAGUE

IT IS SO ORDERED.

DATED: March  21 , 2017

_Kandis Westmore_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER
CASE NO. 4-17-70338 MAG