UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>    v.<br>DAVID LAGUE,<br>        Defendant. | Case No.17-cr-00150-HSG-1<br><br>**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE LATE-DISCLOSED DEFENSE EXPERT**<br>Re: Dkt. No. 115 |

Pending before the Court is the United States' motion to exclude the testimony of Dr. Gary Martinovsky, M.D. on the ground that Defendant David Lague's expert disclosure was untimely. For the reasons set forth below, the Court **DENIES** the motion.

## I. BACKGROUND

On July 15, 2018—nearly one week after the beginning of this trial—Defendant provided the government with an expert disclosure for Dr. Martinovsky. It is undisputed that the government properly disclosed the opinions of its expert, Dr. Charles Szabo, on March 30, 2018. Dkt. No. 115 ("Mot.") at 2. It is also undisputed that the parties initially agreed that Defendant would provide his expert disclosures by April 13, 2018. He did not provide any disclosures on that date, and did not respond when defense counsel was asked by the government on April 16, 2018 whether he planned to engage an expert.

On May 10, 2018, the Court held a telephonic hearing to consider Defendant's motion for an extension of the deadline for filing motions *in limine* based on a health-related emergency suffered by defense counsel's father. Dkt. Nos. 60, 65. On that call, defense counsel indicated that he might call an expert, and the government objected on timeliness grounds. The Court gave Defendant until May 21, 2018 to provide the government with any expert disclosure. Again,

Defendant did not provide any disclosure on that date.[1]

On May 22, 2018, Defendant moved to continue the trial date because defense counsel's father's condition had worsened, and because counsel accordingly needed to travel to the East Coast to attend to family matters. Dkt. No. 91. The Court held a telephonic hearing the following day, during which defense counsel informed the Court that his father had passed away early that morning. Dkt. Nos. 93, 116 ("Opp"). The Court granted the motion to continue the trial, and understands that defense counsel traveled to Syracuse, New York between May 23 and June 7, 2018. Opp. at 7.

On July 9, 2018, defense counsel indicated he might disclose an expert by the end of that day, but no disclosure was made on that date either. *See generally* Dkt. No. 115 ("Mot.") at 1-2; Opp. at 6-9.

## II. DISCUSSION

Once the government complies with its expert disclosure obligations, at the government's request a criminal defendant is required to provide a written summary of any expert testimony the defendant intends to use. Fed. R. Crim. P. 16(b)(1)(C). "If a party fails to comply with this rule, the court may," *inter alia*, "prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C)-(D). "Exclusion is an appropriate remedy for a discovery rule violation only where the *omission* was willful and motivated by a desire to obtain a tactical advantage." *U.S. v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (citing *Taylor v. Illinois*, 484 U.S. 400, 415 (1988))) (internal quotation marks omitted) (original emphasis). Because "few rights are more fundamental than that of an accused to present witnesses in his own defense, . . . courts should use particular caution in applying the drastic remedy of excluding a witness altogether." *Id.* (quoting *Taylor*, 484 U.S. at 408) (brackets and internal citation omitted). To determine whether such exclusion is warranted,

---

[1] On May 15, 2018, Defendant filed a witness list. Dkt. No. 80. The witness list said that Dr. Martinovsky or one of two other expert witnesses was expected to provide "testimony regarding review of medical records and opinion re propriety of prescriptions and the usual course of professional practice." *Id.* at 3. It is undisputed that this filing did not meet the expert disclosure requirements of Federal Rule of Criminal Procedure 16.

2

courts are directed to consider the "decisive value" of the evidence in question. *Id.* (citing *U.S. v. Duran*, 41 F.3d 540, 545 (9th Cir. 1994)). The Court also must weigh the importance of maintaining the "integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process." *Taylor*, 484 U.S. at 414-15.

The essentially undisputed facts here present the Court with a challenge in determining the appropriate remedy. Defense counsel concedes that the July 15, 2018 disclosure was untimely under Rule 16, Transcript of July 16, 2018 Hearing (Transcript, or "Tr.") at 1, and the Court finds that conclusion beyond dispute. Moreover, while it appears clear that defense counsel was dealing with his father's serious health condition and eventual death at various times between April 27 and June 7, 2018, it is unclear why the disclosure could not have been made by the original disclosure date of April 13, 2018, or in any event much earlier than on a Sunday over a week into the trial.

That said, the Court reads *Finley* to reserve the "drastic remedy" of exclusion for the circumstance in which a defendant, or counsel, acts "willfully" to gain a tactical advantage, and even then to require consideration of the importance of the late-disclosed evidence to the defendant's case. *Finley*, 301 F.3d at 1018; *see also U.S. v. Nash*, 115 F.3d 1431, 1439-1440 (9th Cir. 1997) (affirming district court's exclusion of late-disclosed expert testimony, where the court did not abuse its discretion "in concluding that the failure to disclose was willful," and the testimony was "of limited relevance"); *Taylor*, 484 U.S. at 416 (preclusion sanction was appropriate where trial court found discovery violation "both willful and blatant"). Here, the government does not contend that the failure to disclose was a willful effort to gain a tactical advantage. *See* Mot. at 3 and n.1; *see also* Tr. at 5 (statement by government counsel that "I'm not going to argue that [defense counsel] is acting in bad faith").

On balance, and without condoning the clearly inappropriate delay of Defendant's expert disclosures, the Court finds that the "decisive value" of the evidence outweighs any potential prejudice to the government, so as to make exclusion of the proffered testimony unwarranted under *Finley*. Defendant seeks to introduce Dr. Martinovsky's opinion that Defendant's treatment

3

1  as to certain patients "was within the usual course of professional practice and with legitimate

2  medical purpose." *See* Opp. at 2. As in *Finley*, Defendant does "not have any other way" of

3  putting this opinion in evidence. *See* 301 F.3d at 1018. In *Finley*, the Ninth Circuit cited *United*

4  *States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999), which "determined that the exclusion of

5  evidence, namely nine cashier's checks, was an appropriate sanction for a discovery rule

6  violation." *See Finley*, 301 F.3d at 1018. The *Scholl* court "allowed the exclusion, in part,

7  because [it] determined that the checks did not have decisive value as the information contained in

8  the checks was presented to the jury through testimony." *Id.* (citing *Scholl*, 166 F.3d at 972).

9  Here, in contrast, the opinion Defendant seeks to introduce has not yet been presented to the jury,

10 and is at the core of his defense in the case.

11       Moreover, the government has put in substantial evidence regarding the issue at the core of

12 Dr. Martinovsky's proposed testimony—*i.e.*, whether Defendant's treatment of certain patients

13 was within the scope of professional practice and had a legitimate medical purpose—through the

14 testimony of its own expert, Dr. Szabo. There is accordingly a limited risk of prejudice to the

15 government, as it was plainly prepared to (and did) present evidence on this issue. This is not a

16 circumstance in which the late-disclosed opinion goes to an issue the government had no

17 opportunity to address in its case-in-chief. To the extent that it becomes necessary, the

18 government may call Dr. Szabo as a rebuttal witness to respond to the late-disclosed opinions.

19 Total exclusion, however, would be "disproportionate to the alleged harm suffered by the

20 government," given the stage of the case. *See Finley*, 301 F.3d at 1018 (citing *Taylor*, 484 U.S. at

21 413); *cf. Taylor*, 484 U.S. at 411 (noting that "obviously there is no absolute right to interrupt the

22 deliberations of the jury to present newly discovered evidence").

23       Last, the government contends that even setting aside the issue of timeliness under Rule

24 16, Defendant's expert disclosure is insufficient because "[t]he opinions themselves are

25 conclusory, and the lack of a <u>curriculum vitae</u> or other information related to Martinovsky's

26 qualifications or prior experience testifying on related issues prevents the government from even

27 beginning to cross-examine him." Mot. at 4 (original underline). The Court has not been

28 provided the Martinovsky report, and thus cannot evaluate whether it substantively constitutes an

4

adequate Rule 16 disclosure. However, Dr. Martinovsky's testimony will be strictly limited to opinions disclosed in the report. To that end, the defense is **ORDERED** to file the report by 11:59 p.m. tonight, July 16, 2018.

### III. CONCLUSION

The Court **DENIES** the Government's motion to exclude. However, as should be apparent from the discussion above, the Court continues to have significant concerns that its disclosure deadline order and Rule 16 were simply disregarded, resulting in an exceptionally tardy expert disclosure and needlessly complicating the trial. While the Court concludes that exclusion is unwarranted under Ninth Circuit authority, the question of whether another remedy is warranted for this seemingly egregious discovery violation is not closed. The Court will consider whether other sanctions should be imposed against defense counsel or the Defendant, and may conduct a further inquiry to establish the facts relevant to that question.

**IT IS SO ORDERED.**

Dated: 7/16/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge