UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

             Plaintiff,

    v.

DAVID LAGUE,

             Defendant.

Case No.17-cr-00150-HSG-1

**PROPOSED JURY INSTRUCTIONS**

**INSTRUCTION NO. _: Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. _: Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

1  **INSTRUCTION NO. _: Defendant's Decision to Testify**

2

3  The defendant has testified. You should treat this testimony just as you would the

4  testimony of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _: Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. _: What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness; and

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

**INSTRUCTION NO. _: What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**INSTRUCTION NO. _: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. _: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. _: Activities Not Charged**

     You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

     Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. _: Separate Consideration of Multiple Counts—Single Defendant**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. _: Statements by Defendant**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NO. _: Testimony of Witness Involving Special Circumstances—Benefits**

You have heard testimony from Steven Lustig, a witness who pleaded guilty to a crime arising out of events related to those for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability. The witness has testified that he hopes to receive benefits from the government in connection with his cooperation in this case.

For these reasons, in evaluating the testimony of Mr. Lustig, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Mr. Lustig with greater caution than that of other witnesses.

**INSTRUCTION NO. _: Government's Use of Informants**

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants, in order to investigate criminal activities. Informants may use false names and appearances and assume the roles of members in criminal organizations.

United States District Court
Northern District of California

**INSTRUCTION NO. _: Opinion Evidence, Expert Witness**

You have heard testimony from a number of witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. _: Dual Role Testimony**

You have heard testimony from Jeremy Adler who testified to both facts and opinions and the reasons for his opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _: Chart and Summaries Admitted into Evidence**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**INSTRUCTION NO. _: Controlled Substance—Distribution**

The Defendant is charged in Counts One through Forty of the Second Superseding Indictment with distribution of controlled substances in violation of Section 841(a)(1) of Title 21 of the United States Code. Because the defendant was a medical professional, authorized by law to distribute these controlled substances, in order for the defendant to be found guilty of these charges, the government must prove as to each count, each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed the controlled substance specified in the respective count in the Second Superseding Indictment on or about the date specified, knowing that it was a controlled substance;

Second, the defendant's distribution of the controlled substance was outside the usual course of professional practice and without legitimate medical purpose; and

Third, the defendant acted with the intent to distribute the identified controlled substance and with the intent to distribute it outside the usual course of professional practice.

A medical professional "distributes" a controlled substance by the act of writing a prescription for a controlled substance.

For a given approach to prescribing controlled substances to be within the "usual course of professional practice," there must at least be a reputable group of people in the medical profession within the country who agree that it is consistent with legitimate medical treatment. In determining whether the defendant acted outside the usual course of professional practice, you may consider the standards to which medical professionals generally hold themselves, including accepted standards of care among medical professionals.

**INSTRUCTION NO. _: Knowingly—Defined**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. _: Conspiracy—Elements**

The defendant is charged in Count Forty-One of the Second Superseding Indictment with conspiring to commit health care fraud, in violation of Section 1349 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about March 17, 2014, and ending on or about December 31, 2016, there was an agreement between two or more persons to commit health care fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NO. _: Health Care Fraud—Elements**

I will now instruct you on the elements of health care fraud, in violation of Title 18, United States Code, Section 1347, which is the object of the conspiracy alleged in Count Forty-One, and also the crime charged in Counts Forty-Two through Forty-Seven of the Second Superseding Indictment. In order for the defendant to be found guilty of health care fraud, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program by means of material false or fraudulent representations;

Second, the defendant acted with the intent to defraud;

Third, Medicare was a health care benefit program; and

Fourth, the scheme or plan was executed in connection with the delivery or payment for health care benefits, items, or services.

Deceitful statements or half-truths may constitute "false or fraudulent representations."

"Material" facts are facts that had a natural tendency to influence, or were capable of influencing, the health care benefit program to part with money or property.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

**INSTRUCTION NO. _: Intent to Defraud—Defined**

An intent to defraud is an intent to deceive or cheat.

**INSTRUCTION NO. _: Willfully—Defined**

The government must prove that the defendant acted willfully in committing health care fraud. An act is done willfully if the defendant acted with bad purpose with knowledge that the conduct was unlawful. The government need not prove that the defendant was aware of the specific provision of the law that the defendant is charged with violating or any other specific provision.

**INSTRUCTION NO. _: On or About—Defined**

The government alleges that the offenses in Counts One through Forty-Seven were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

United States District Court
Northern District of California

**INSTRUCTION NO. _: Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**INSTRUCTION NO. \_: Consideration of Evidence**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify my Courtroom Deputy immediately.

United States District Court
Northern District of California

**INSTRUCTION NO. _: Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1  **INSTRUCTION NO. _: Jury Consideration of Punishment**

2

3         The punishment provided by law for this crime is for the court to decide.  You may not

4  consider punishment in deciding whether the government has proved its case against the defendant

5  beyond a reasonable doubt.

**INSTRUCTION NO. _: Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**INSTRUCTION NO. _: Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. _: Other Crimes, Wrongs, or Acts of Defendant (If Applicable)**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, plan, absence of mistake, absence of accident, and for no other purpose.

**INSTRUCTION NO. _: Impeachment Evidence—Witness (If Applicable)**

You have heard evidence that [***name of witness***], a witness, [***specify basis for impeachment***].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

1  **INSTRUCTION NO. _: Narcotic Withdrawal or Addiction as a Basis for Prescriptions (If**

2  **Applicable)**

3

4      Narcotic withdrawal or addiction is not a sufficient medical condition justifying the

5  prescription or administration of a narcotic controlled substance.  Therefore, if you find that the

6  defendant issued a prescription of a narcotic controlled substance solely for the purpose of treating

7  narcotic addiction or withdrawal, then the issuance of that prescription would not be in good faith

8  in the usual course of professional practice or for a legitimate medical purpose.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _: Entrapment (If Applicable)**

The defendant contends that he was entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

1.     the defendant was predisposed to commit the crime before being contacted by government agents, or

2.     the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1.     whether the defendant demonstrated reluctance to commit the offense;

2.     the defendant's character and reputation;

3.     whether government agents initially suggested the criminal activity;

4.     whether the defendant engaged in the criminal activity for profit; and

5.     the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.